**BARNES GROUP INC.,**
Plaintiff–Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

**No. 1229, Docket 90–6021.**

United States Court of Appeals,
Second Circuit.

Argued April 30, 1990.
Decided May 11, 1990.

John C. Yavis, Jr., Hartford, Conn. (Murtha, Cullina, Richter & Pinney, Peter G. Gillin, Everett E. Newton, and John E. Besser, of counsel), for plaintiff-appellant.

Charles Bricken, Washington, D.C., Atty., Tax Div., Dept. of Justice (Stanley A. Twardy, Jr., U.S. Atty., D.Conn., Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Robert S. Pomerance, Attorneys, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for defendant-appellee.

Before FEINBERG, MESKILL and WINTER, Circuit Judges.

PER CURIAM:

Plaintiff Barnes Group Inc. appeals from a judgment of the United States District Court for the District of Connecticut, Peter C. Dorsey, J., granting summary judgment to the government. This case has previously been before us, see *Barnes Group Inc. v. United States,* 872 F.2d 528 (2d Cir.1989), and we refer the reader to that opinion for a fuller statement of the facts. Briefly, Barnes claimed an amortization deduction on its 1978 and 1979 tax returns attributable to certain employment contracts including covenants not to compete (the "key contracts"), entered into between Barnes and various employees of three corporations that it had acquired pursuant to stock purchase agreements in 1978 and 1979 and liquidated soon thereafter pursuant to §§ 332 and 334(b)(2) of the Internal Revenue Code of 1954 (as amended). The IRS disallowed these deductions, treating the key contracts as part of goodwill and therefore not amortizable, and Barnes sued in the district court, seeking a refund of $2,242,577 in taxes, $1,427,927 for 1978 and $814,650 for 1979.

In August 1988, Judge M. Joseph Blumenfeld granted summary judgment to the government, in an opinion reported at 697 F.Supp. 591. Judge Blumenfeld held that the key contracts were conditioned upon the sale of the acquired companies to Barnes and were not assets of the acquired companies. Id. at 593–94. The judge rejected the claim by Barnes that, if the key contracts had no value to the acquired companies, then Barnes was entitled, pursuant to Treas.Reg. § 1.334–1(c)(4)(viii), to reallocate the amounts it had attributed to the key contracts proportionately among the assets actually acquired. Id. at 594–95. According to the judge, this argument was an attempted "end run around" his ruling that the key contracts were not assets of the acquired companies, which, if successful, would have the effect of creating "higher than market value tax bases for all the remaining depreciable assets." Id. at 595. He thus ruled that the value improperly ascribed to the key contracts was properly categorized as nondepreciable, intangible corporate goodwill, and valued the goodwill by applying the "residual" method —i.e., subtracting the value of the tangible assets received from the total purchase price. Id.

In April 1989, we reversed on the ground that Judge Blumenfeld had erred in refusing to allow the key contracts to be introduced into evidence, but did not reach his holdings with respect to the method of valuation of the assets or Barnes's argument concerning reallocation. See *Barnes Group Inc.*, 872 F.2d at 531. Instead, we remanded to the district court to consider when the key contracts were entered into; whether they were conditional upon the sale of the companies; and for what purposes they were entered into, if they were entered into prior to the acquisitions and were not conditional upon them. Id. at 532.

After remand to the district court, the case came before Judge Peter C. Dorsey.[1] In November 1989, the judge granted summary judgment to the government in an opinion reported at 724 F.Supp. 37. Judge Dorsey held that the key contracts came into existence "if not at the same moment, a short time prior to the stock agreements," but had no effect until consummation of the acquisitions. Id. at 41. The judge also ruled that the key contracts were conditioned upon the consummation of the transactions, and that they served no purpose to the acquired companies. Id. at 41–42. And, he did not disturb Judge Blumenfeld's treatment of the valuation and reallocation issues. Id. at 40 n. 4.

■ On this second appeal, Barnes again argues that the key contracts were unconditional and served substantial business purposes. Barnes also claims that Judge Blumenfeld erred in applying the residual method of valuing the assets and in rejecting its reallocation argument, and that Judge Dorsey erred in accepting Judge Blumenfeld's analysis of valuation and reallocation. We are not persuaded. As to the conditionality and lack of purpose of the key contracts, we affirm substantially for the reasons stated in the opinion of Judge Dorsey. And with regard to the method of valuation and reallocation, we affirm substantially for the reasons stated in the opinion of Judge Blumenfeld.

The judgment of the district court is affirmed.

---

1. Judge Blumenfeld had died on November 5, 1988.